1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL HARPER,

11          Plaintiff,                    No. CIV S-07-2239 LEW JFM P

12      vs.

13   L. WARD,

14          Defendant.              <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          "Section 1997e(a) of Title 42 of the United States Code provides:

21          No action shall be brought with respect to prison conditions under
            [42 U.S.C. § 1983], or any other Federal law, by a prisoner
22          confined in any jail, prison, or other correctional facility until such
            administrative remedies as are available are exhausted.

23

24   This exhaustion requirement is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001)."

25   <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002); <u>see also</u> <u>Porter v. Nussle</u>, 534 U.S.

26   516, 524 (2002).  Exhaustion must precede the filing of the complaint and that compliance with

1

1   the statute is not achieved by satisfying the exhaustion requirement during the course of an

2   action.  McKinney, 311 F.3d at 1199.

3            California's Department of Corrections provides a four-step
         grievance process for prisoners who seek review of an
4        administrative decision or perceived mistreatment. Within fifteen
         working days of "the event or decision being appealed," the inmate
5        must ordinarily file an "informal" appeal, through which "the
         appellant and staff involved in the action or decision attempt to
6        resolve the grievance informally."  Cal.Code Regs., tit. 15, §§
         3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not
7        resolved during the informal appeal, the grievant next proceeds to
         the first formal appeal level, usually conducted by the prison's
8        Appeals Coordinator.  Id. §§ 3084.5(b), 3084.6(c). Next are the
         second level, providing review by the institution's head or a
9        regional parole administrator, and the third level, in which review
         is conducted by a designee of the Director of the Department of
10       Corrections.  [Footnote omitted.]  Id. § 3084.5(e)(1)-(2).

11  Brown v. Valoff, at 929-30.

12            In the complaint, plaintiff confirms he has not completed the grievance process.

13  (Id., at 4.)  Plaintiff appended a copy of the prison grievance which was dated October 10, 2007,

14  only one day before plaintiff signed the instant complaint.  It is apparent from the face of

15  plaintiff's complaint that he has not exhausted his administrative remedies prior to filing suit as

16  required.  Accordingly, plaintiff may not pursue his claims in federal court unless and until he

17  has completed the grievance process through the third level of review.  See Woodford v. Ngo,

18  126 S.Ct. 2378, 2387 (2006).  Because it is clear that plaintiff cannot cure this defect by

19

20

21

22

23

24

25

26

amending his complaint, the complaint will be dismissed without leave to amend. In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 30, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; harp2239.fte

3